UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIRAM LEWIS,

    Plaintiff,

v.

COCA-COLA ENTERPRISES, INC.,

    Defendant.
                                  /

Case No. 1:09-CV-388

HON. GORDON J. QUIST

## OPINION

Plaintiff, Tiram Lewis ("Lewis"), has filed a *pro se* complaint alleging that his former employer, Coca-Cola Enterprises, Inc. ("Coca-Cola"), violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII") by terminating his employment based upon his race, color, religion, and national origin.[1] Coca-Cola has now moved for dismissal of Lewis' complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that dismissal is required because Lewis failed: (1) to file a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"); and (2) to file his complaint in this case within ninety days after he received his Right to Sue Letter. Lewis did not respond to the motion to dismiss within the time allowed for responses under Local Rule 7.2(c). Instead, Lewis filed a motion for summary judgment, to which Coca-Cola has responded.

For the reasons set forth below, the Court will grant Coca-Cola's motion to dismiss, deny Lewis' motion for summary judgment, and dismiss the complaint with prejudice.

---

[1] Lewis filed his complaint on this district's form complaint for Title VII claims and attached a copy of his Right to Sue Letter, as well as various documents relating to his Charge of Discrimination filed with the EEOC.

## BACKGROUND

Lewis was employed by Coca-Cola as a warehouse stocker/loader in Grand Rapids, Michigan. On April 17, 2007, Lewis was terminated for violating a work rule under the collective bargaining agreement between Coca-Cola and Lewis' union. Lewis filed a grievance, and his union pursued the grievance through arbitration. The arbitration began on December 16, 2007, and concluded on January 16, 2008. A judgment on the arbitration award was entered on May 28, 2008.

Lewis filed a Charge with the EEOC on May 28, 2008. On January 13, 2009, the EEOC dismissed the Charge as untimely in a notice informing Lewis of his right to sue ("Right to Sue Letter"). Lewis filed his complaint in this case on April 27, 2009.

## DISCUSSION

"A person who claims to have been discriminated against in violation of Title VII may not seek relief in federal court unless administrative remedies have first been exhausted." *Haithcock v. Frank*, 958 F.2d 671, 675 (6th Cir. 1992). In order to properly exhaust a claim under Title VII, a plaintiff in a deferral state such as Michigan must file a claim with the EEOC within 300 days of the alleged discriminatory practice. 42 U.S.C. 2000e-5(e); *EEOC v. Commercial Office Prods. Co.*, 486 U.S. 107, 123-24, 108 S. Ct. 1666, 1675 (1988). "[T]he 300-day time period begins to run in a discrimination case when the individual involved became aware of the discriminatory act and not when the consequences are felt." *Sawchik v. DuPont DeNemours & Co.*, 783 F.2d 635, 638 (6th Cir. 1986). This limitations period is not a jurisdictional prerequisite to filing suit, but is subject to waiver, estoppel, and equitable tolling. *Zipes v. TWA*, 455 U.S. 385, 393, 102 S. Ct. 1127, 1132 (1982).

Lewis was terminated on May 1, 2007, but did not file a Charge with the EEOC until May 28, 2008, which is beyond the 300-day limitations period. Lewis does not argue that equitable tolling or waiver applies. He does assert in a document attached to his complaint, however, that the arbitration proceeding tolled the limitations period and/or that the grievance postponed the date the discriminatory act took place. These arguments are foreclosed by the Supreme Court's decisions in *Delaware State College v. Ricks*, 449 U.S. 250, 101 S. Ct.498 (1980), and *International Union of Electrical Workers v. Robbins & Meyers, Inc.*, 429 U.S. 229, 97 S. Ct. 441 (1976), which held that an employee's pursuit of grievance procedures does not toll the time for filing civil rights actions. In *Ricks*, the plaintiff, a professor at a state college, was denied tenure and unsuccessfully grieved the termination decision before the board of trustees' grievance committee. *Ricks*, 449 U.S. at 252-54, 101 S. Ct. at 501-02. After the grievance was denied, the plaintiff filed a charge with the EEOC alleging that the college discriminated against him in denying tenure. Although the EEOC charge would have likely been timely if measured from the date of the decision on the grievance, the Court held that the grievance did not toll the period for filing a complaint with the EEOC. Citing *International Union of Electrical Workers*, the Court observed:

> [T]he pendency of a grievance, or some other method of collateral review of an employment decision, does not toll the running of the limitations periods. The existence of careful procedures to assure fairness in the tenure decision should not obscure the principle that limitations periods normally commence when the employer's decision is made.

*Id.* at 261, 101 S. Ct. at 506 (citations and footnote omitted). In *International Union of Electrical Workers*, a discharged employee grieved the employer's decision to terminate her employment, in accordance with the provisions of the collective bargaining agreement between her local union and the employer. *International Union of Electrical Workers*, 429 U.S. at 231-32, 97 S. Ct. 444-45. The

3

Court held that the grievance did not toll the time for filing a complaint with the EEOC because grievance procedures under a collective bargaining agreement are distinct from statutory rights arising under Title VII. *Id.* at 238-39, 97 S. Ct. at 447-48. In other words, rights asserted in the grievance process are contractual rights arising out of the collective bargaining agreement, while rights asserted in a Title VII complaint arise by statute. *Id.* at 238, 97 S. Ct. at 448. Similarly, the Court rejected the argument that the employee's resort to grievance procedures postponed the date of the unlawful discriminatory act to the date of the unfavorable grievance decision. *Id.* at 234-35, 97 S. Ct. at 446. The Court reasoned that during the litigation the parties assumed that the date of the discharge, not the date of the subsequent grievance denial, was the date of the discharge. *Id.* at 235, 97 S. Ct. at 446.

In this case, Lewis was terminated on May 1, 2007. Under both *Ricks* and *International Union of Electrical Workers*, the pendency of a grievance did not toll the limitations for filing a complaint with the EEOC. Moreover, the grievance did not postpone the date of the actual decision to terminate Lewis' employment. Thus, his Charge was untimely filed.

Coca-Cola also contends that Lewis' claim is barred because he failed to file his lawsuit within ninety days of his receipt of the Right to Sue Letter. "A Title VII plaintiff ordinarily must file a civil action within ninety days of receiving a notice of dismissal and right to sue from the Equal Employment Opportunity Commission." *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 469 (6th Cir. 2003). Like the 300-day period for filing a complaint with the EEOC, this requirement is not jurisdictional, and doctrines such as equitable tolling may apply. *Id.* In determining whether a plaintiff has complied with the ninety-day period, the Sixth Circuit follows the rule that "notice is *given*, and hence the ninety-day limitations term begins running, on the fifth day following the EEOC's mailing of a[] [Right to Sue] notification to the claimant's residential address, by virtue of

a presumption of actual delivery and receipt within that five-day duration." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (footnote omitted). The Right to Sue Letter is dated January 13, 2009. Assuming that it was mailed that same date, Lewis' complaint is untimely because he filed it nine days late. Even accepting Lewis' unverified assertion in the document attached to his complaint that he received the Right to Sue Letter on January 23, 2009, his complaint is still untimely because he filed it four days late. Because Lewis does not identify any circumstance that might support the application of equitable tolling, his complaint is subject to dismissal for failure to comply with this limitations period as well as the 300-day period.

As noted, Lewis has also filed a motion for summary judgment. The motion lacks merit because Lewis' claim is untimely. Lewis argues in his motion, however, that he is entitled to summary judgment because Coca-Cola failed to respond to the complaint within 20 days as required by Fed. R. Civ. P. 12(a)(1)(A)(i). Although Coca-Cola did not file an answer, it did file a motion to dismiss under Fed. R. Civ. P. 12(b)(6) in lieu of an answer, as permitted. Moreover, Coca-Cola has shown that it received the complaint by mail at its Grand Rapids facility on June 3, 2009. Because Coca-Cola filed its motion to dismiss on June 23, 2009, the motion was timely.

## CONCLUSION

For the foregoing reasons, the Court will grant Coca-Cola's motion to dismiss, deny Lewis' motion to dismiss, and dismiss Lewis' complaint with prejudice.

An Order Consistent with this Opinion will be entered.


Dated: November 20, 2009             /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                     UNITED STATES DISTRICT JUDGE